**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JACK CROSIER,

    Plaintiff,

    v.

NANCY KOPP, Treasurer,
DETECTIVE JOSEPH BROWN, JR., and
DETECTIVE RICHARD FLEURIMOND,

    Defendants.

Civil Action No.: SAG-19-3536

**MEMORANDUM OPINION**

In this civil rights action, Plaintiff Jack Crosier alleges that Defendants Brown and Fleurimond improperly seized his vehicles without probable cause. Defendants have moved to dismiss the action or, alternatively, for summary judgment to be granted in their favor. ECF No. 14. Crosier opposes the motion. ECF Nos. 16, 17, 23.[1] The issues are fully briefed, and a hearing is not needed. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Defendants' motion, construed as a Motion for Summary Judgment, is granted.

## I.  Background

On November 22, 2014, Detectives Joseph Brown, Jr. and Richard Fleurimond took over the investigation of a shooting that occurred on Fairlawn Avenue in Baltimore City. ECF No. 4-1, p. 1. As a result of the investigation, Crosier's 2000 Jaguar and 2004 Lincoln LS were towed from Fairlawn Avenue to the Northwest District Police Station. *Id.* Crosier contends that there was no probable cause to seize the vehicles, which were never found to be connected to a criminal violation. *Id.*

---

[1] On July 16, 2020, Crosier filed a Motion for Default Judgment (ECF No. 13), erroneously arguing that Defendants' response to his Complaint was untimely. The Motion is denied.

On December 4, 2014, in conjunction with the ongoing shooting investigation, a warrant was executed at 322 North Hilton Street, Apartment 2. ECF No. 4-1, p. 2. Crosier contends that this warrant was also without probable cause. *Id*. On the same date, his 2001 Mercedes Benz SUV was seized as part of the investigation into the shooting. The vehicle was not located at 322 North Hilton Street, and Crosier states that there has been no finding that the Mercedes was used in the commission of a crime. *Id*.

Crosier claims that the seizure and forfeiture of each of the three vehicles was improper. ECF No. 4-1, p. 2. Crosier alleges that Defendants violated his rights under the Fourth Amendment and that, as a result, he has suffered mental and emotional distress causing him to experience seizures. *Id*. He also claims he suffers from anxiety and insomnia. *Id*. He seeks compensatory damages.

## II. Standard of Review

### A.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations

omitted); *see Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (2018); *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 573; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). But, the Supreme Court has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted; alteration in *Twombly*).

Moreover, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Paradise Wire & Cable Defined Benefit Pension Fund Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).

Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for

relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted); *see Painter's*

*Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Put another way, "an unadorned,

the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief.

*Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the

complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause

of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very

remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court is not required to accept legal conclusions drawn from the facts. *See Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by

separating the legal conclusions from the factual allegations, assuming the truth of only the

factual allegations, and then determining whether those allegations allow the court to reasonably

infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v.*

*Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Nonetheless, the complaint does not need "detailed factual allegations" to survive a

motion to dismiss. *Twombly*, 550 U.S. at 555. Instead, "once a claim has been stated adequately,

it may be supported by showing any set of facts consistent with the allegations in the

complaint." *Id.* at 563. Moreover, federal pleading rules "do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quotation marks and citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear [ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*); *see Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . .." *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007). "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606

(4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Under limited circumstances, however, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).

A court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166; *see also* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Paradise Wire & Cable*, 918 F.3d at 318. Notably, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Goines*, 822 F.3d at 167. Therefore, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __U.S.__ , 138

S. Ct. 558 (2017); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citation omitted); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Here, Defendants argue that Crosier's claims do not survive scrutiny under Rule 12(b)(6). Defendants provide the affidavit of Detective Joseph Brown (ECF No. 14-2), copies of state court dockets (ECF Nos. 14-3; 14-4) and documents regarding the seized vehicles (ECF No. 14-5) to support their position that the claims are barred by the statute of limitations. These documents are not intrinsic to Crosier's Complaint, however. Therefore, they may only be considered in the context of a motion for summary judgment.

**B.**

As noted, the motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger,* 510 F.3d at 450. However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. 2016) (per curiam). But, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth*., 149 F.3d 253, 261 (4th Cir. 1998).

The Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt*, 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Crosier was provided such notice by the defendants. He also received notification from the Clerk of Defendants' dispositive filing and the opportunity to reply with exhibits and declarations. ECF No. 15.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,

637 F.3d 435, 448-49 (4th Cir. 2011); *see Putney v. Likin*, 656 F. App'x 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). "[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see McClure v. Ports,* 914 F.3d 866, 874-75 (4th Cir. 2019); *Gordon v. CIGNA Corp.,* 890 F.3d 463, 479 (4th Cir. 2018); *Amirmokri v. Abraham,* 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature.  And, a court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014).

Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). "This is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

Crosier has not filed an affidavit under Rule 56(d), nor has he requested discovery.  Further, Defendants have provided Crosier with a detailed accounting of events and the timeline relevant to his claims through the documents filed in support of their motion.  Thus, the Court is satisfied that it is appropriate to address Defendants' Motion as one for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020); *Variety Stores, Inc. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018); *Iraq Middle Mkt. Dev. Found v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017). To avoid summary judgment, the nonmoving party must demonstrate that there is a genuine dispute of material fact so as to preclude the award of summary judgment as a matter of law. *Ricci v. DeStefano*, 557 U.S. 557, 585-86 (2009); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Gordon v. CIGNA Corp.*, 890 F.3d 463, 470 (4th Cir. 2018).

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020); *Variety Stores, Inc.*, 888 F.3d at 659; *Sharif v. United Airlines, Inc.,* 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541

U.S. 1042 (2004). And, the court must "view the evidence in the light most favorable to . . . the

nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or

assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639,

645 (4th Cir. 2002); *see Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019); *Variety Stores,*

*Inc.*, 888 F.3d at 659; *Gordon*, 890 F.3d at 470; *Roland v. United States Citizenship & Immigration*

*Servs.*, 850 F.3d 625,  628 (4th Cir. 2017); *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir.

2017); *FDIC v. Cashion*,  720 F.3d 169, 173 (4th Cir. 2013).

Notably, the district court's "function" is not "to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S.

at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, the

trial court may  not make credibility  determinations on  summary  judgment. *Wilson  v.  Prince*

*George's Cty.*, 893 F.3d 213, 218-19 (4th Cir. 2018); *Jacobs v. N.C.  Administrative Office of the*

*Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile  Peninsula  Bank  v.  French*, 499 F.3d 345,

352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006);

*Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing

affidavits, summary judgment is generally not appropriate, because  it is the function of the

factfinder to resolve factual disputes, including matters of witness credibility. That said, "a

party's 'self-serving opinion ... cannot, absent objective corroboration, defeat summary

judgment.'" *CTB, Inc.*, 954 F.3d at 658-59 (quoting *Williams v. Giant Food Inc.,* 370 F.3d 423,

433 (4th Cir. 2004)).   In other words, "[u]nsupported speculation is not sufficient to defeat a

summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.

1987); *Harris v. Home Sales Co.*, 499 F. App'x 285, 294 (4th Cir. 2012).

Because Crosier is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the Court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In sum, to counter a motion for summary judgment, there must be a genuine dispute as to material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). "A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law." *Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017).

## III. Section 1983

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *see Safar v. Tinsley*, 859 F.3d 241, 245 (4th Cir. 2017).

In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999).   But, to seek redress under § 1983, it is not enough merely to allege a violation of federal law; a violation of a federal right is required. *Carey v. Throwe*, 957 F.3d 468, 479 (4th Cir. 2020).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safer*, 859 F.3d at 245.  The phrase "under color of state law" is an element that "'is synonymous with the more familiar state-action requirement—and the analysis for each is identical.'" *Davison*, 912 F.3d at 679 (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)).  A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips*, 572 F.3d at 181 ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Notably, § 1983 requires a showing of personal fault based upon a defendant's own conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

## IV.  Discussion

Defendants Brown and Fleurimond[2] argue that Crosier's state law claims are barred because he failed to comply with the Local Government Tort Claims Act, Md. Code Ann., Cts & Jud. Proc. §§ 5-301 *et seq.*, because his claims are time barred, and because he has no legal interest in the vehicles seized.  ECF No. 14.

Turning first to the second argument listed above, Defendants urge summary judgment in their favor based on the statute of limitations.   Section 1983 does not contain a statute of limitations. To determine whether a § 1983 claim was timely filed, courts look to the statute of limitations from the most analogous state-law cause of action.  *Owens v. Balt. City State's Attorney's Office*  767 F.3d  379, 388 (4th Cir. 2014); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil ... cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]").

A suit filed pursuant to 42 U.S.C. § 1983 constitutes a personal injury action.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code Ann., Cts & Jud. Proc. ("C.J.") § 5-101 (2020 Repl. Vol.).

"Limitations statutes ... are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of

---

[2] Treasurer Kopp has not been served with the Complaint, and Crosier has alleged no personal involvement by Kopp in the facts alleged in the Complaint. Therefore, I shall dismiss the suit as to Kopp under both Rule 4 and Rule 12(b)(6).

time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665, 464 A.2d 1020, 1026 (1983). In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, 588 U.S. ——, 139 S. Ct. 2149, 2155 (2019). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." *McDonough*, 139 S. Ct. at 2155 (quoting *Manuel v. Joliet,* 580 U.S. ——, 137 S. Ct. 911, 920 (2017)).

A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But, accrual cannot occur until the plaintiff has (or should have) "possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122, 100 S.Ct. 352 (discussing discovery rule in the context of the Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues ... when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his

16

injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983). "[T]he answer is not always so simple." *McDonough*, 139 S. Ct. at 2155. "Where, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *Id.*

Maryland law is largely consistent with federal law. Therefore, both federal and Maryland cases concerning accrual have been considered.

As noted, under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. C.J. § 5-101; *see Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011). Ordinarily, "'the question of accrual in § 5-101 is left to judicial determination,' unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole*, 423 Md. at 131, 31 A.3d at 236 (citation omitted); *see Bank of N.Y. v. Sheff*, 382 Md. 235, 244, 854 A.2d 1269, 1275 (2004) (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000) (explaining that the determination of accrual "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

Nevertheless, "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," the so-called discovery rule is sometimes used to determine the date of accrual. *See Sheff*, 382 Md. at 244, 854 A.2d at 1275; *Frederick Road Ltd. P'ship*, 360 Md. at 95, 756 A.2d at 973. "The discovery rule acts to balance principles of fairness and judicial economy in those

situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.,* 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 444, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Notably, "[t]his standard ... does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.' " *Dual Inc.*, 383 Md. at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351, 822 A.2d 1212, 1219 (2003); *Doe v. Archdiocese of Wash.*,114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)).

A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and ... a diligent investigation would have revealed that the plaintiffs were victims of ... the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d at 1104 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original). Inquiry notice must be actual notice, either express or implied. *Poffenberger v. Risser*, 290 Md. 631, 637, 431 A.2d 677, 681 (1981). In Maryland, "[c]onstructive notice or knowledge will not suffice for inquiry notice." *Benjamin*, 394 Md. at 89, 904 A.2d at 529; *see Poffenberger*, 290 Md. at 637, 431 A.2d at 681.

The parties' filings do not differ significantly on the timeline of events. Crosier claims that the vehicles were seized in November and December of 2014.[3] Crosier does not offer any different timeline for when he became aware of the vehicles' seizure. Rather, in his opposition

---

[3] On January 8, 2016, Crosier pleaded guilty in the Circuit Court for Baltimore City to first degree assault and unlawful use of a firearm in the commission of a felony or a crime of violence. ECF No. 14-3. On March 8, 2018, Crosier filed a Detinue/Replevin action in the Circuit Court for Baltimore City regarding the seizure of vehicles. ECF No. 14-4.

responses, he focuses on the alleged lack of probable cause to justify the seizure of the vehicles and on his ability to establish ownership. He does not address the lack of timeliness of his complaint.

Viewing the facts in the light most favorable to Crosier, the claims he raises are based on events that took place in November and December of 2014. Crosier's Complaint, dated December 9, 2019, was received by this Court on December 12, 2019. ECF No. 1.

Applying the three-year statute of limitations to Crosier's § 1983 claims, Defendants contend that all of Crosier's claims are time barred.[4] Crosier's claim accrued in December of 2014. Therefore, at the latest, the limitations period expired in December, 2017. It is clear that Crosier filed his Complaint well after the expiration of the three-year statute of limitations. Accordingly, Defendants' Motion will be granted, and summary judgment will be granted in their favor as to Crosier's time barred claims. This Court will not therefore address Defendants' remaining arguments.

## V. Conclusion

For the foregoing reasons, the suit shall be dismissed as to Defendant Kopp. The remaining claims are construed under the summary judgment standard, and the Motion, ECF 14, is granted in favor of Defendants Brown and Fleurimond.

An Order follows.

DATED:  October 29, 2020                    _____/s/_____
                                            Stephanie A. Gallagher
                                            United States District Judge

---

[4] Crosier is entitled to have the "prisoner mailbox rule" applied to determine the filing date of his Complaint. Pursuant to the prisoner mailbox rule, the date of filing is not the date the Complaint was received by the Court, but the date Crosier put the Complaint in the hands of prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk"); *see also Lewis v. Richmond Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998). Any possible filing date occurred in December, 2019.